UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JORGE RODRIGUEZ,<br><br>               Plaintiff,<br><br>v.<br><br>SHERIFF JOE RODRIGUEZ; ERIN E.<br>BROWN; NEZ PERCE COUNTY; and<br>DOES I-XVI,<br><br>               Defendants. | Case No. 1:15-cv-00296-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION REQUESTING LEAVE TO AMEND FIRST AMENDED COMPLAINT (DKT. 46)** |

**INTRODUCTION**

Pending before the Court is Plaintiff Jorge Rodriguez's motion requesting leave to amend the First Amended Complaint and to substitute the names of four Nez Perce County employees for the fictitiously described "Doe" defendants pursuant to Fed. R. Civ. P. 15(a)(2) and 15(c)(1). (Dkt. 46.) Defendants Nez Perce County, Sheriff Rodriguez, and Brown do not oppose amendment of the First Amended Complaint; however, they object to substitution of the four "Doe" defendants. The Court heard oral argument from the parties on February 14, 2017. (Dkt. 55.) After review of the record, consideration of the parties' arguments and relevant legal authorities, and otherwise being

**MEMORANDUM DECISION AND ORDER - 1**

fully advised, the Court issues the following memorandum decision and order granting Rodriguez's motion.

## FACTUAL BACKGROUND

At all relevant times to the First Amended Complaint, Plaintiff Jorge Rodriguez was an inmate at the Nez Perce County Adult Detention Center. (Dkt. 12.) Rodriguez alleges that, in September of 2013, FBI Agent Newsome interviewed Rodriguez about an ongoing murder investigation involving two other inmates who were housed in the same pod as Rodriguez. Defendant Erin Brown, an employee of the detention center, allegedly was present and observed portions of the interview. Sometime after the interview, Brown allegedly informed one of the inmates being investigated for the murder that Rodriguez was a "snitch."

The First Amended Complaint claims further that, on September 28, 2013, inmates who learned of the "snitch" accusation confronted Rodriguez, threatened to beat him, and advised Rodriguez that he "better transfer to a different pod." Rodriguez immediately advised Defendant Doe I, a detention center employee, about the threat and requested an immediate transfer. Doe I instructed Rodriguez to return to his area because there were no available beds to facilitate a transfer. Doe I advised Rodriguez "not to throw the first punch." Within forty-five minutes after the threat, two inmates allegedly beat Rodriguez. The beating took place near the guard station, but Doe I did not intervene until after the beating ended.

Rodriguez claims he suffered multiple severe injuries from the beating; however, he was not provided immediate medical care. Instead, Doe I put Rodriguez in "the hole,"

**MEMORANDUM DECISION AND ORDER - 2**

where he lost consciousness for an unspecified amount of time. Rodriguez eventually was taken to the detention center medical unit, where Doe I and Does XI-XVI took photographs of Rodriguez's injuries and mocked him for being a "snitch." Rodriguez was transported to St. Joseph's Regional Medical Center in Lewiston for follow up medical care.

## PROCEDURAL BACKGROUND

On July 31, 2015, due to his prisoner status, the Clerk of the Court conditionally filed Rodriguez's civil rights complaint. (Dkt. 3, 4.) The same day, Rodriguez filed also an application to proceed in forma pauperis. (Dkt. 1.) On September 9, 2015, the Court denied Rodriguez's application and ordered him to pay the filing fee; Rodriguez paid the filing fee on October 2, 2015.

While his in forma pauperis application was pending, counsel for Rodriguez filed a notice of appearance. (Dkt. 8, 9.) On September 4, 2015, Rodriguez's counsel filed the First Amended Complaint. (Dkt. 12.) The First Amended Complaint alleges various claims under 42 U.S.C. § 1983 and state tort violations against Nez Perce County Sheriff Joe Rodriguez, Nez Perce County, Erin E. Brown, and Does I-XVI. Nez Perce County was served with the summons and the First Amended Complaint on November 4, 2015. (Dkt. 20.) Erin Brown and Sheriff Rodriguez were served on November 6, 2015, and November 12, 2015, respectively. (Dkt. 15, 19.)

In the First Amended Complaint, Rodriguez describes the Doe defendants:

- Doe I is an employee and/or detention officer at the Nez Perce County Detention Center. The First Amended Complaint provides that Doe I's

**MEMORANDUM DECISION AND ORDER - 3**

name is "believed to be Barn or Barne." (Dkt. 12 at 2.) Doe I is the detention center employee who informed Rodriguez he could not be transferred, and advised Rodriguez "not to throw the first punch." (*Id.* at 5.)

- Does II-VI are Nez Perce County Detention Center employees who supervised Brown and Doe I. (*Id*. at 2.)

- Does VIII-XI are Nez Perce County Detention Center employees who allegedly "engaged and/or acquiesced and/or failed to fulfill their duties proscribed by law in acting with deliberate indifference to Plaintiff's safety from the attack upon Plaintiff." (*Id.* at 3.)

- Does XII-XVI are Nez Perce County Detention Center employees who allegedly failed to provide medical care to Rodriguez after the beating. (*Id.*)

On December 22, 2015, the Court issued a Scheduling Order. (Dkt. 18.)

Specifically with regard to initial disclosures, the Court ordered the following:

> If the parties have not already done so, **within 30 days** after entry of this Order, the parties shall provide each other with relevant information and documents pertaining to the claims and defenses in this case, including the names of individuals likely to have discoverable information, along with the subject of the information, as well as *any relevant documents in their possession*, in a redacted form if necessary for security or privilege purposes; and, if necessary, the disclosing party shall provide a security/privilege log sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure.

(*Id.*) (italics added).

On January 22, 2016, Nez Perce County and Sheriff Rodriguez served their joint initial disclosures on Rodriguez. (Dkt. 54-1.) The initial disclosures included a list of names of persons likely to have discoverable information. Among that list, Brian Bonds,

**MEMORANDUM DECISION AND ORDER - 4**

Patricia Clark, Jack McGee, and Eric Blinn, were included. The initial disclosures

described these individuals' knowledge as follows:

> Brian Bonds was a corporal at the Nez Perce County Jail and worked as a
> jail deputy during the times noted in Plaintiff's Complaint. Cpl. Bonds may
> have knowledge of Plaintiff's actions and behavior prior to and after the
> incidents on September 28, 2013, will have knowledge of the injuries that
> Plaintiff sustained as a result of the incidents on September 28, 2013, and
> will have knowledge of his personal officer training.

> ****

> Patricia Clark was a deputy at the Nez Perce County Jail during the times
> noted in Plaintiff's Complaint. Deputy Clark may have knowledge of
> Plaintiff's actions and behavior prior to, during and after the incidents on
> September 28, 2013, and will have knowledge of her personal officer
> training.

> ****

> Jack McGee was a Captain for Nez Perce County Sheriff's Office with a
> primary responsibility of management of the jail during the times noted in
> Plaintiff's Complaint. Cpt. McGee may have knowledge of Plaintiff's
> actions and behavior prior to and after the incidents on September 28, 2013,
> knowledge of Plaintiff's medical conditions prior to and after the incidents
> on September 28, 2013, and will have knowledge of the jailers' training and
> his personal officer training.

> ****

> Eric Blinn was a sergeant at the Nez Perce County Sheriff's Office during
> the times noted in Plaintiff's Complaint. Sgt. Blinn may have knowledge of
> Plaintiff's action and behavior prior to and after the incidents on September
> 28, 2013, and will have knowledge of the investigation that he conducted
> after the incidents on September 28, 2013.

(*Id.* at 4, 5, 8.)

In addition, as part of Nez Perce County's and Sheriff Rodriguez's initial

disclosures, they listed thirty-six videos, documents, audio recordings of interviews, and

**MEMORANDUM DECISION AND ORDER - 5**

notes from interviews related to the investigation of Rodriguez's beating. (*Id.* at 15-17.)
Copies of these documents, videos, audio recordings, and notes were not produced with
the initial disclosures, despite the Court's Scheduling Order requiring production. (Dkt.
18.)

On January 29, 2016, Rodriguez's counsel served a subpoena *duces tecum* on the
FBI to obtain documents related to Agent Newsome's interview with Rodriguez. (Dkt.
54-2.) On February 19, 2016, the FBI complied with the subpoena and produced
documents with multiple names redacted. On February 25, 2016, Rodriguez's counsel
submitted a public records request to the Idaho State Police (ISP), seeking all reports and
investigation records for Erin Brown "relative to an incident on or about September 4,
2013."[1] (Dkt. 54-3.) On March 7, 2016, the ISP complied with the records request in part
and produced documents with multiple names redacted.

On May 16, 2016, the Court granted Rodriguez's counsel leave to withdraw. (Dkt.
28.) New counsel was appointed pro bono, on August 31, 2016. (Dkt. 31.) New counsel
received Rodriguez's file from his previous counsel on September 12, 2016. (Dkt. 54.)
Upon review of the file, Rodriguez's counsel contacted Nez Perce County's and Sheriff
Rodriguez's counsel to request copies of the thirty-six documents, videos, audio
recordings and notes identified in their joint initial disclosures. (Dkt. 46-6 at 2.) These

---

[1] The record is inconsistent as to which date(s) Agent Newsome interviewed Rodriguez. The First
Amended Complaint alleges (and the Nez Perce County and Sheriff admit in their joint Answer) that the
interview occurred on September 4, 2013. (Dkt. 12 at 4, 16 at 4.) The proposed second amended
complaint alleges Rodriguez was interviewed two times on September 13, 2013, and on September 16,
2013. (Dkt. 46-1.)

**MEMORANDUM DECISION AND ORDER - 6**

Defendants' counsel allegedly told Rodriguez's counsel that he would produce the documents and videos only in response to formal discovery requests. (*Id.*)

On October 21, 2016, Rodriguez served his first set of discovery requests on Nez Perce County and Sheriff Rodriguez, asking for production of the thirty-six documents, videos, audio recordings and notes identified in their joint initial disclosures. (Dkt. 54-5.) On November 14, 2016, Rodriguez received the responses to these discovery requests.[2]

The responses to the discovery requests revealed that: (1) Cpl. Bonds was the detention center employee Rodriguez allegedly told he needed to be moved from his cell block because of a threat to his safety (Dkt. 54-10); (2) Deputy Clark was attending to the command center at the detention center during the alleged beating on September 28, 2013 (Dkt. 54-9); (3) Cpt. McGee received a complaint from Sgt. Kelsey Felton stating that Rodriguez told her that Brown passed a note around the inmate population at the detention center naming Rodriguez as a "snitch" (Dkt. 54-11); and (4) Sgt. Blinn was the detention center employee who investigated Sgt. Felton's complaint.

On December 21, 2016, Rodriguez filed a motion for leave to amend his First Amended Complaint to substitute Bonds, Clark, McGee, and Blinn for four of the fictitiously described "Doe" defendants. (Dkt. 46.)

---

[2] On November 10, 2016, Defendant Erin Brown served her initial disclosures on Rodriguez. Brown's initial disclosures listed many of the same persons with knowledge of this matter, and listed also videos, audio recordings, and documents that might contain information relevant to this matter, as identified by Nez Perce County and the Sheriff. (Dkt. 54-8.) Copies of these videos, audio recordings, and documents were not produced with Brown's initial disclosures.

MEMORANDUM DECISION AND ORDER - 7

## STANDARD OF LAW

### A.  Amendment of Pleadings

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Indeed, while the decision to grant leave to amend is within the Court's discretion, the Court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits rather than on the pleadings or technicalities." *U.S. v. Webb,* 655 F.2d 977, 979 (9th Cir.1981). This "policy of favoring amendments to pleadings should be applied with extreme liberality." *Id.* (internal quotation marks omitted).

To determine "whether justice requires granting leave to amend," the Court considers "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir.1989) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999) (citing *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987)).

### B.  Relation Back

Federal Rule of Civil Procedure 15(c)(1)(C) provides the federal standard for whether a pleading relates back to the date of the initial pleading. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 545 (2010). For an amended complaint to relate back under Rule 15(c)(1)(C), the following conditions must be satisfied: "(1) the basic claim

**MEMORANDUM DECISION AND ORDER - 8**

must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; [and] (3) that party knew or should have known that, but for a mistake concerning identity, the action would have been brought against it." *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986). In addition, the second and third requirements must have occurred within 120 days after the original complaint was filed, as prescribed by Rule 4(m). *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1202 (9th Cir. 2014).

### C.  Statute of Limitations and Accrual of Claims

Section 1983 does not expressly contain a statute of limitations. When "a federal civil rights statute does not include its own statute of limitations, federal courts borrow from the forum state's limitations period for personal injury torts." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). In Idaho, the statute of limitations for personal injury actions is two years after the accrual of a claim. *See* I.C.§ 5-219; *Joseph v. Boise State Univ.,* 998 F. Supp. 2d 928, 948 (D. Idaho 2014).

Although Idaho law determines the length of the limitations period, "federal law determines when a civil rights claim accrues." *Lukovsky*, 535 F.3d at 1048. "Accrual is the date on which the statute of limitations begins to run; under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (internal quotations omitted).

**MEMORANDUM DECISION AND ORDER - 9**

## DISCUSSION

Rodriguez seeks to amend the First Amended Complaint to substitute four Nez Perce County employees for the fictitiously named Doe defendants: Bonds, Clark, McGee, and Blinn. Rodriguez argues the amendment is permitted by Federal Rule of Civil Procedure 15(c), which would allow the proposed second amended complaint to "relate back" to the filing date of the First Amended Complaint, placing it within the limitations period. Defendants contend Rodriguez's proposed second amended complaint does not meet the standards of Rule 15(c), and argue amendment would be futile pursuant to Rule 15(a)(2) because the claims against the now-identified Doe defendants are barred by the statute of limitations. As explained more fully below, the Court finds the proposed second amended complaint, specifically naming Bonds, Clark, McGee, and Blinn as defendants, does relate back to the First Amended Complaint.

Claims barred by the statute of limitations are futile. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008). Here, it is undisputed that Rodriguez's claims accrued no later than September 28, 2013, the day he alleges he was beaten by other inmates at the detention center. Rodriguez's First Amended Complaint — naming Nez Perce County, Sheriff Rodriguez, Brown and the Doe defendants—was filed on September 4, 2015, twenty-four days before the expiration of the two-year statute of limitations. The proposed second amended complaint—seeking to name Bonds, Clark, McGee, and Blinn as defendants—was filed on December 21, 2016, well over one year after the expiration of the limitations period. Thus, Rodriguez's claims against the

**MEMORANDUM DECISION AND ORDER - 10**

proposed substituted defendants are time barred unless they relate back to the First Amended Complaint.

The parties do not dispute that the first requirement of relation back is satisfied. The controversy arises over whether the second and third requirements are met, i.e., (1) whether the proposed substituted defendants received adequate notice such that they would not be prejudiced in maintaining their defenses, and (2) whether they knew or should have known that, but for a mistake concerning identity, the action would have been brought against them.[3] The Court will address each requirement in turn.

## I.  Notice

Rodriguez contends the notice requirement is satisfied because the proposed substituted defendants received actual and constructive notice during the prescribed service period; thus, defending against the claims asserted in the proposed second amended complaint would not prejudice these newly named defendants. Defendant Brown argues actual notice is required, and Bonds, Clark, McGee, and Blinn did not

---

[3] When "the limitations period derives from state law, Rule15(c)(1) requires us to consider both federal and state law and employ whichever affords the more permissive relation back standard." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1201 (9th Cir. 2014) (internal quotations omitted). Idaho Rule of Civil Procedure 15(c) is nearly identical to Federal Rule of Civil Procedure 25(c). *See Chacon v. Sperry Corp.*, 723 P.2d 814, 819 (Idaho 1986) (finding that the Idaho relation back statute should be interpreted in conformance with the federal relation back statute). Idaho Rule of Civil Procedure 15(c) is more lenient in that the notice period for service of the summons and the complaint is six months; Federal Rule of Civil Procedure 15 allowed only 120 days at the time Rodriguez filed the First Amended Complaint. Because the Court finds in the context of this matter that relation back is permitted by the stricter Federal Rule, it is not necessary to analyze the relation back issue under the Idaho Rule.

**MEMORANDUM DECISION AND ORDER - 11**

receive actual notice of this action during the 120-day service period.[4] For the reasons that follow, the Court finds the notice requirement is met.

For an amendment seeking to add or substitute parties to relate back, the new party must have received notice of the action within 120 days of the filing of the original complaint.[5] Fed. R. Civ. P. 4(m), 15(c). The Ninth Circuit provides guidance regarding what constitutes notice for the purposes of Rule 15(c). "Notice need not be formal, i.e., service of summons and complaint, but it must be sufficient to both provide actual notice" of the action and avoid prejudice to defendants. *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 853 (D. Ariz. 1999) (citing *Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397, 1401 (9th Cir.1984)). The term "'action' as used in Rule 15(c), means a lawsuit, and not the incident giving rise to a lawsuit." *Craig v. United States*, 413 F.2d 854, 857 (9th Cir. 1969).

Although the Ninth Circuit in *Craig* held that a potential defendant must have actual notice of the filing of the cause of action, other Ninth Circuit cases recognize the "community of interest" theory. *See Korn,* 724 F.2d at 1401; *Pan Ocean Shipping Co.*, 23 F.3d at 1503. Community of interest, for the purpose of relation back, "allows courts to infer notice when the party actually notified and the party assumedly notified 'are so

---

[4] Defendants Nez Perce County and Sheriff Rodriguez did not argue in their response that the notice requirement of Rule 15(c) is not satisfied.

[5] Effective December 1, 2015, Rule 4(m) was amended, and requires service to be accomplished within 90 days of filing the complaint. Before the amendment, the Rule permitted service to be accomplished within 120 days of filing the complaint. Rodriguez filed his initial complaint and First Amended Complaint on July 31, 2015, and September 4, 2015, respectively. Because the complaints were filed when the 120-day period was still in effect, the Court will analyze the notice and mistake issues within the 120-day period.

**MEMORANDUM DECISION AND ORDER - 12**

closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.'" *Blackhawk v. City of Chubbuck*, No. CV-04-629-E-BLW, 2005 WL 3244406, at *1 (D. Idaho Nov. 21, 2005) (quoting 6A Charles Miller, et al., *Federal Practice and Procedure § 1499* at 146 (2d ed.1990)).

The community of interest theory was applied by this Court in *Blackhawk v. City of Chubbuck*, a case factually similar to this action. 2005 WL 3244406 at *2. In *Blackhawk*, the day before the statute of limitations expired, plaintiffs filed an initial complaint against the City of Chubbuck, the City of Chubbuck Chief of Police, various named city employees, and ten John Doe defendants, alleging violations of Section 1983 in association with a fatal shooting. *Id.* The plaintiffs were unable to ascertain the identities of the John Doe defendants until after the named City defendants responded to plaintiffs' discovery requests. *Id.* Two weeks after receiving responses to formal discovery requests, plaintiffs moved for leave to amend to substitute the names of the John Doe defendants—all City of Chubbuck police officers. *Id.*

The *Blackhawk* court found the newly named defendants received sufficient Rule 15(c) notice because they were employees of the City of Chubbuck, which was timely served with the summons and complaint. *Id.* In addition, the Court noted that the newly named defendants and the originally named defendants shared the same counsel, a significant factor to consider when assessing whether a "community of interest" exists. *Id.*

**MEMORANDUM DECISION AND ORDER - 13**

The Court finds little to no distinction between *Blackhawk* and this case with regard to Rule 15(c)'s notice requirement. Bonds, Clark, McGee, and Blinn, whom Rodriguez seeks to substitute for four of the Doe defendants, are all employees of Nez Perce County, which was served before the 120-day service period expired. This fact establishes a community of interest between Nez Perce County and the proposed substituted defendants. *See Schiavone v. Fortune*, 477 U.S. 21, 29 (1986) ("Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party.").

The additional defendants will not be prejudiced by being named in this lawsuit, as their attorney has been working on defenses for Nez Perce County and Sheriff Rodriguez from the beginning. Counsel was aware of the four individual detention center employees present on the pertinent days as reflected in the County's initial disclosures and in the records in the County's possession. In addition, discovery is open until May 15, 2017 (Dkt. 41), so their attorney will have ample time to conduct any necessary inquiries related to Rodriguez's claims against Bonds, Clark, McGee, and Blinn. Accordingly, the Court finds Rodriguez has satisfied the notice requirement of Rule 15(c).

## II.     Mistake Concerning Identity

The final consideration is whether the initially identified Doe defendants (Bonds, Clark, McGee, and Blinn) knew or should have known that they would have been named as defendants but for a mistake concerning their identity. Fed. R. Civ. P. 15(c)(1)(C)(ii).

**MEMORANDUM DECISION AND ORDER - 14**

Plaintiff contends that lack of knowledge of a defendant's identity constitutes a mistake for the purposes of relation back in Rule 15(c). Defendants argue to the contrary.

The Ninth Circuit has not yet determined whether lack of knowledge resulting in a "John Doe" pleading constitutes a mistake regarding identity for the purposes of Rule 15(c). However, the Ninth Circuit "seems to construe the mistake requirement more liberally [than the other circuits] to allow amendment in some cases wherein the previously unknown defendants were identified only after the statute of limitations had run." *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 856 (D. Ariz. 1999). This Court, in *Blackhawk v. City of Chubbuck*, followed the more liberal mistake interpretation, and permitted plaintiffs to substitute John Doe defendants once plaintiffs became aware of the actual identities of the John Does through discovery, despite an otherwise expired limitations period. 2005 WL 3244406, at *3.

In addition, while the Ninth Circuit does not favor the use of "Does" to identify a defendant, the Ninth Circuit does acknowledge that "situations arise…where the identity of alleged defendants will not be known prior to the filing of a complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). When such circumstances arise, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities…." *Id*. Moreover, Rule 15(c) "is the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run." *G.F. Co. v. Pan Ocean Shipping Co., Ltd.,* 23 F.3d 1498, 1501 (9th Cir. 1994).

**MEMORANDUM DECISION AND ORDER - 15**

While giving consideration to the above principles, the Court finds Bonds, Clark, McGee, and Blinn should have known they would have been named as defendants in this action, but for their identification as "Does" in the caption and body of the First Amended Complaint. In the First Amended Complaint, the roles of these four Doe defendants surrounding the alleged beating of Rodriguez by other inmates is specifically described. Accordingly, if Bonds, Clark, McGee, and Blinn had notice of the action (which the Court determined above they did through timely service of the summons and complaint upon their employer, Nez Perce County), it should have been clear from the allegations in the First Amended Complaint that Rodriguez intended to name them as defendants.

For instance, in the First Amended Complaint, Rodriguez identifies "Defendant Doe I" as the detention center employee to whom he made a request to transfer pods after the other inmates threatened to beat him (Bond). Does I-XI are identified as detention center employees who were assigned to supervise Rodriguez's pod on the date of the incident (Clark was attending the command center when the alleged beating occurred). And, Does II-VI are identified as supervisors of "Brown and Doe I [who] failed to supervise and/or acquiesced to the behavior of Defendants Brown and Doe I" (McGee and Blinn investigated Brown's alleged misconduct of passing the note that Rodriguez was a "snitch" to other inmates).

Counsel for the County and Sheriff Rodriguez was in possession of the investigative reports, videos and audio recordings related to Rodriguez's alleged beating that specifically identify the Doe defendants; however, counsel did not produce the reports and videos until formal discovery requests were demanded. Allowing Rodriguez

**MEMORANDUM DECISION AND ORDER - 16**

to substitute the names of these four previously fictitiously identified defendants within weeks of discovering their actual names through discovery is therefore consistent with *Blackhawk* and with Rule 15(c).[6]

## CONCLUSION

Defendants Bonds, Clark, McGee and Blinn received timely notice of this action—imputed through their common employer and common--and will not suffer significant prejudice, as discussed above. In addition, Nez Perce County and Sheriff Rodriguez, and by extension Bonds, Clark, McGee, and Blinn, knew or should have known they would be specifically named as defendants to this action if Rodriguez knew their identities. Because the notice and mistake requirements in Rule 15(c) are met, the claims against Bonds, Clark, McGee, and Blinn (previously asserted against Does) relate back, and are not time barred by the statute of limitations.

[6] The Court notes that the use of "John Doe" pleading is both common and necessary in Section 1983 actions in light of the substance of the statute, which emphasizes the liability of the state actor. In these cases, it is usually not until formal discovery until the plaintiff can identify the name of the state actor he intends to sue; and, in prisoner cases, it often takes more time than usual before formal discovery can get off the ground because of screening pursuant to 28 U.S.C. § 1915(g). The underlying policy of the Federal Rules of Civil Procedures is to adjudicate a case on the merits, not on procedural technicalities. It seems proper especially in the context of this Section 1983 action, to construe the "mistake of identity" phrase of Rule 15(c) to include John Doe defendants once identities are revealed to the plaintiff through discovery, especially when the County and its Sheriff, as well as their counsel, knew the identities of the four determination center employees for months before the documents and other discovery responses were produced to Rodriquez.

**MEMORANDUM DECISION AND ORDER - 17**

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      Plaintiff's Motion Requesting Leave to Amend First Amended Complaint

(Dkt. 46) is **GRANTED**. Plaintiff must file the proposed second amended

complaint and proceed with service of the summonses and complaint upon

the four new defendants within 7 days of the date of this Order.

Dated: **March 16, 2017**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 18**